ACCEPTED
15-25-00030-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/19/2025 5:51 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00030-CV
IN THE COURT OF APPEALS
FOR THE FIFTHTEENTH DISTRICT
AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/19/2025 5:51:54 PM
CHRISTOPHER A. PRINE
Clerk

IN RE CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton;
BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL
MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS
WATTS, Members of the City Council of Denton; SARA HENSLEY, City
Manager of Denton; and DOUG SHOEMAKER, Chief of Police of
Denton, in their official capacities,
***RELATORS***

The Honorable Crystal Levonius,
***RESPONDENT***
Original Proceeding from the 481st Judicial District Court,
Denton County, Texas
Cause No. 24-1005-481

**RELATORS' EMERGENCY MOTION FOR TEMPORARY RELIEF
OF STAY OF DISCOVERY ORDER PENDING REVIEW**

Mack Reinwand
State Bar No. 24056195
Devin Alexander
State Bar No. 24104554
**DENTON CITY
 ATTORNEY'S OFFICE**
215 East McKinney
Denton, Texas 76201
Telephone: (940) 349-8333
Facsimile: (940) 382-7923

Jose E. de la Fuente
State Bar No. 00793605
James F. Parker
State Bar No. 24027591
Gabrielle C. Smith
State Bar No. 24093172
Sydney P. Sadler
State Bar No. 24117905
**LLOYD GOSSELINK
 ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone: (512) 322-5800
Facsimile: (512) 472-0532

**ATTORNEYS FOR RELATORS
TEMPORARY RELIEF REQUESTED**

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Pursuant to Texas Rules of Appellate Procedure 10 and 52.10, Relators the City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] ("Relators"), Relators for a Petition for Writ of Mandamus pending in this Court, file this Emergency Motion for Temporary Relief of Stay of Discovery Order Pending Review (the "Motion") seeking a temporary stay of the trial court's Discovery Order on an emergency basis so that Relators are not further prejudiced and the merits of Relators' Mandamus Petition are not mooted before the Court may consider them.

On February 6, 2025, the Honorable Judge Crystal Levonius of the 481st Judicial District Court of Denton County, Texas ("trial court" or "Respondent") signed a Discovery Order granting in large part the State's Motion to Compel Depositions and Written Discovery, requiring significant

---

[1] Doug Shoemaker is no longer the Chief of Police of Denton, and thus is not a proper defendant. The current Chief of Police of Denton is Jessica Robledo.

responses by Relators to multiple interrogatories, requests for production, and requests for admission in a case that is subject to Relators' pending Plea to the Jurisdiction. (MR 0001–0005.) The Discovery Order requires Relators to respond to the subject discovery requests by **April 7, 2025**.

Relators request that this Court grant an emergency stay of this Discovery Order until such time as its Petition for Writ of Mandamus, filed concurrently with this Motion, may be heard and ruled upon. Relator's Petition for Writ of Mandamus is hereby incorporated by reference as if fully set forth herein.

In support of their Motion, Relators would show the Court the following:

## I. RELEVANT BACKGROUND

This case arises from the citizen initiative-based passage of an ordinance in the City of Denton which purports to regulate how the City of Denton enforces certain marijuana laws. The State alleged in its Petition that a single act—the act of the City Council codifying and publishing an ordinance passed by citizen initiative—violated Local Government Code Section 370.003, which prohibits the City Council from "adopt[ing] a policy" not to fully enforce the State's drug laws. (MR 0012,

Pl.'s Orig. Pet. at ¶ 22.)  No discovery is needed for a court to decide whether that act violates Section 370.003.

Relators filed a Plea to the Jurisdiction, asking the trial court to decide the sole jurisdictional question: whether 1) any defendant covered by Section 670.003 2) adopted a policy not to fully enforce drug laws. Months after that Plea to the Jurisdiction was set for hearing and continued due to the length of the hearing of a predicate matter (such events occurring on May 31, 2024), the State propounded voluminous written discovery, including dozens of interrogatories, requests for production, and requests for admission to Relators.  (MR 0347–0359, 0361–0370, and 0372–0380).  A re-set/subsequent hearing was held on December 12, 2024 at which both the City's Plea to the Jurisdiction and various discovery motions related to the State's discovery requests were set to be heard.  At that hearing, the trial court improperly declined to conduct the requisite jurisdictional analysis and thus declined to rule on the City's Plea.  (*See* MR 0713)[2]; *Sw. Bell Tel. L.P. v. Emmett*, 495 S.W.3d

---

[2]   MR. DE LA FUENTE: We do think there are some arguments based on the plea to the jurisdiction that are just legal issues that could be taken up, and the court could rule on portions of the plea to the jurisdiction today.

THE COURT: I am not going to do that today.  I'm going to take that up after discovery is – the jurisdictional discovery is complete so that we can take up everything at once.

578 (Tex. 2015) (trial court should first consider construction and application of statute at issue to determine if it implicates an exception to officials' governmental immunity). The trial court instead granted broad discovery to the State, asking the parties to provide a draft order. (MR 0646–0714). That draft order was entered as the Discovery Order on February 6, 2025. (MR 0001–0005).

## II.  EMERGENCY RELIEF IS WARRANTED

### A.  No Jurisdictional Discovery is Necessary or Appropriate

The sole issue pending before the trial court is a question of law that is not dependent on any disputed facts:

***"[T]his is a case of pure law and discovery is unneeded."***
(MR 0010, Pl.'s Orig. Pet. at ¶ 1 (emphasis added).)

The only question is whether the acts of Relators as alleged in the State's Petition violate Local Government Code Section 370.003 so as to be either *ultra-vires* acts or to render the ordinance void because certain Relators committed the act of "adopting a policy" not to fully enforce the State's drug laws, in violation of Section 370.003. The acts of Relators with respect to the Ordinance are alleged in the State's Original Petition, and the allegation is not disputed. Thus, no "jurisdictional discovery" is

necessary or appropriate: "[t]argeted discovery ***cannot be allowed*** unless—and only to the extent that—it is ***essential*** to the resolution of a jurisdictional question." *Tex. S. Univ. v. Young*, 682 S.W.3d 886, 889 (Tex. 2023) (Young, J. concurring) (emphasis added).

**B.**     **Temporary relief should be granted to prevent irreparable harm and to preserve the status quo and the Relators' rights while a mandamus petition is pending.**

Texas Rule of Appellate Procedure 52.10 authorizes a "motion to stay any underlying proceedings or for any other temporary relief pending the court's action on the petition." Tex. R. App. P. 52.10. This Motion may be granted promptly on an emergency basis pursuant to Texas Rule of Appellate Procedure 10.3(a)(3). The Court should grant Relators temporary relief in the form of a stay of the trial court's Discovery Order because if it is allowed to continue in effect, Relators' Petition for Writ of Mandamus will be rendered moot and Relators will be irreparably harmed.

As set forth in more detail in their Petition for Writ of Mandamus, Relators have no adequate remedy by appeal and will suffer irreparable harm if the Discovery Order remains in effect. Therefore, temporary relief should be granted to preserve the status quo and the parties' rights while Relators' Petition for Writ of Mandamus is pending. Mandamus relief is

appropriate in this case, as subjecting parties who are not subject to the court's jurisdiction to discovery is a harm in and of itself. *See, e.g., In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding) (holding mandamus relief appropriate where trial court abused discretion in ordering discovery prohibited by law); *In re Lamar Univ.*, 2018 LEXIS 6495, *7–*9 (Tex. App.—Beaumont July 2, 2018) (orig. proceeding) (granting mandamus relief where trial court subjected governmental defendant to pre-trial discovery on matters unnecessary to resolve jurisdictional question). Relators lack an adequate remedy on appeal because the Discovery Order subjects Relators to the burden and expense of litigation before their claims of immunity from suit have been determined, which also deprives them of their right to interlocutory accelerated appeal of an erroneous decision on jurisdiction. *In re Lamar Univ.* at *8–9.

Further, "[j]ust relief may include staying the enforcement of an order for purposes of protecting the jurisdiction of the appellate court by maintaining the status quo of the underlying proceeding while the court considers the merits of the original proceeding." *In re Johnston*, 2022 LEXIS 9269 (Tex. App.—Amarillo June 28, 2022) (orig. proceeding) (per curiam). Relators will be required to comply with the Discovery Order absent

mandamus relief from this Court.[3]  Once Relators have incurred the significant time and expense of complying with the State's broad discovery requests (with a deadline to do so of **April 7, 2025**), the mandamus relief Relators seek will become moot.  Therefore, this Court should grant a temporary stay of enforcement of the Discovery Order to preserve its jurisdiction over Relators' Petition for Writ of Mandamus.

### III.    CONCLUSION AND PRAYER

For the reasons set forth above as well as in Relators' Petition for Writ of Mandamus, Relators ask this Court to consider this Motion on an emergency basis pursuant to Texas Rule of Appellate Procedure 10.3(a)(3) and promptly order a stay of the trial court's February 6, 2025 Discovery Order requiring Relators to respond to written discovery, pending this Court's consideration of the merits of Relators' Petition for Writ of Mandamus.  Upon review of their Petition for Writ of Mandamus, Relators ask that the Court order the trial court to vacate and reverse the Discovery

---

[3]  There is no particular urgency to this case; the citizen vote to pass the ordinance at issue was canvassed and verified on November 22, 2022.  The State did not even file suit until January 31, 2024, over fourteen months later, and did not propound discovery until August 30, 2024.  Thus, a stay of the Discovery Order will not prejudice or harm any party.

Order.  Relators further respectfully request any and all other relief to which they may be entitled.

Respectfully submitted,

**LLOYD GOSSELINK ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:  (512) 322-5800
Facsimile:  (512) 472-0532

By:   */s/ Jose E. de la Fuente*
     Jose E. de la Fuente
     (Attorney-in-Charge)
     State Bar No. 00793605
     jdelafuente@lglawfirm.com
     James F. Parker
     State Bar No. 24027591
     jparker@lglawfirm.com
     Gabrielle C. Smith
     State Bar No. 24093172
     gsmith@lglawfirm.com
     Sydney P. Sadler
     State Bar No. 24117905
     ssadler@lglawfirm.com

**DENTON CITY ATTORNEY'S OFFICE**
215 East McKinney
Denton, Texas 76201
Telephone:  (940) 349-8333
Facsimile:   (940) 382-7923

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com
Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

For email contact and service regarding this
case, please include email addresses for all
listed attorneys in the
To: field, and include
amy.hoffee@cityofdenton.com
in the cc: field,
until requested otherwise.

**ATTORNEYS FOR RELATORS**

## CERTIFICATE OF NOTIFICATION

Pursuant to Texas Rules of Appellate Procedure 10 and 52.10, I hereby certify that prior to the filing of this Motion I provided email notification to counsel for the Real Parties in Interest that Relators are filing this Motion seeking temporary relief; counsel replied and indicated that they oppose the relief sought herein.

*/s/Gabrielle C. Smith*
GABRIELLE C. SMITH

## CERTIFICATE OF CONFERENCE

I certify that prior to filing of this Motion, I conferred with counsel for the Real Parties in Interest regarding the relief sought in this Motion. Counsel indicated that they are opposed to the relief sought herein.

*/s/Gabrielle C. Smith*
GABRIELLE C. SMITH

## CERTIFICATE OF COMPLIANCE

I, Jose E. de la Fuente, attorney for Relators, certify that this document was generated by a computer using Microsoft Word 365, which indicates that the word count of this document is 1,525 per Tex. R. App. P. 9.4(i).

*/s/Jose E. de la Fuente*
JOSE E. de la FUENTE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melissa Ethridge on behalf of Jose de la Fuente
Bar No. 00793605
methridge@lglawfirm.com
Envelope ID: 98663255
Filing Code Description: Motion for Emergency Relief
Filing Description: Petition for Writ of Mandamus
Status as of 3/20/2025 7:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose Ede la Fuente | | jdelafuente@lglawfirm.com | 3/19/2025 5:51:54 PM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 3/19/2025 5:51:54 PM | SENT |
| Sydney Sadler | | ssadler@lglawfirm.com | 3/19/2025 5:51:54 PM | SENT |
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 3/19/2025 5:51:54 PM | SENT |
| Zachary L.Rhines | | zachary.rhines@oag.texas.gov | 3/19/2025 5:51:54 PM | SENT |
| Kyle Tebo | | kyle.tebo@oag.texas.gov | 3/19/2025 5:51:54 PM | SENT |
| Laurie DiPierro | | laurie.dipierro@dentoncounty.gov | 3/19/2025 5:51:54 PM | SENT |